**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHNNIE JACKSON,

    Plaintiff,                                  Civil Action No. 2:06-14841
v.                                                HONORABLE DENISE PAGE HOOD
                                                      UNITED STATES DISTRICT COURT

CORRECTIONAL MEDICAL SERVICE, INC.

    Defendant,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Before the Court is Plaintiff Johnnie Jackson's civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff is a state inmate currently confined at the Cottton Correctional Facility in Jackson, Michigan. Plaintiff's Complaint has been reviewed and is now dismissed without prejudice for failure to exhaust state administrative remedies pursuant to 42 U.S.C. § 1997e(a).

**I. The Complaint**

The Complaint alleges that the defendant refuses to pay money for plaintiff to have a cornea transplant performed on him at the University of Michigan Hospital. Plaintiff seeks an order that the defendant provide him with the proper medical treatment and also seeks monetary damages.

**II. Discussion**

The complaint must be dismissed because plaintiff has failed to prove that he exhausted his administrative remedies. 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1996 (PLRA), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This exhaustion requirement applies to

cases which were filed on or after April 26, 1996. *White v. Morris*, 111 F. 3d 414, 418 (6th Cir. 1997). Plaintiff's Complaint was filed on or about October 26, 2006, and the PLRA would therefore apply.

A prisoner filing a 42 U.S.C. § 1983 case involving prison conditions must allege and show that he or she has exhausted all available state administrative remedies. *Brown v. Toombs*, 139 F. 3d 1102, 1104 (6th Cir. 1998). A prisoner who seeks monetary damages must complete the prison administrative process, even where that process may not offer the prisoner the specific remedy that he or she seeks. *Booth v. Churner,* 532 U.S. 731, 734 (2001). Therefore, so long as a prison system has an administrative process that will review a prisoner's complaint, even when the prisoner seeks monetary damages, the prisoner must first exhaust his or her prison administrative remedies. *Id.;* *Freeman v. Francis*, 196 F. 3d 641, 643 (6th Cir. 1999). The PLRA's exhaustion requirement applies to all prisoner lawsuits about prison life, whether they involve general circumstances or particular episodes, and regardless of whether the suit alleges excessive force or some other wrong. *Porter v. Nussle,* 534 U.S. 516, 532 (2002). A prisoner may not amend his § 1983 complaint to cure a failure to plead the exhaustion of administrative remedies. *Baxter v. Rose,* 305 F. 3d 486, 487 (6th Cir. 2002). Therefore, a prisoner's *pro se* § 1983 action is properly dismissed without prejudice in the absence of any indication in the complaint that the prisoner has properly exhausted his or her state administrative remedies as required by the PLRA. *Brown v. Toombs,* 139 F. 3d at 1104.

In order to effectuate the language contained in § 1997e(a), a prisoner must plead his or her claims with specificity and show that they have been exhausted by attaching a copy of the applicable dispositions to the complaint, or in the absence of any documentation, describe with specificity the administrative proceeding and its outcome. *Knuckles-El v. Toombs*, 215 F. 3d 640, 642 (6th Cir.

2000).

In this case, plaintiff has neither attached any documentation showing that he has exhausted his administrative remedies with respect to the claims that he has alleged, nor has he pleaded with specificity the measures that he took to exhaust, or that he attempted to exhaust his remedies. Plaintiff's Complaint has therefore not provided this Court with the particularized averments necessary for the Court to determine if his claims have been exhausted. Thus, plaintiff's Complaint should be dismissed. *Knuckles-El v. Toombs*, 215 F. 3d at 642. Moreover, plaintiff's medical condition would not waive the exhaustion requirement contained in § 1997e(a). *See Lovett v. Gundy,* 111 Fed. Appx. 810, 812 (6th Cir. 2004).

Summary dismissal is proper, because plaintiff has alleged only in a conclusory fashion, without sufficient documentary support, that he has exhausted his administrative remedies. *See Ziegler v. Michigan,* 59 Fed. Appx. 622, 624 (6th Cir. 2003).

### III.  Conclusion

Accordingly,

IT IS ORDERED that Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST STATE ADMINISTRATIVE REMEDIES, pursuant to 42 U.S.C. § 1997e(a).

                                                  s/ DENISE PAGE HOOD
                                                  HONORABLE DENISE PAGE HOOD
Dated: November 30, 2006         UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 30, 2006, by electronic and/or ordinary mail.

                                                  S/William F. Lewis
                                                  Case Manager