UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNIE JACKSON,

       Plaintiff,                           Civil Action No. 2:06-14841
                                              HONORABLE DENISE PAGE HOOD
v.                                             UNITED STATES DISTRICT COURT

CORRECTIONAL MEDICAL SERVICE, INC.

       Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff's *pro se* Motion for Reconsideration of the Court's Decision to Dismiss the Complaint With Prejudice, filed March 15, 2007. Plaintiff moves for reconsideration of the Court's December 15, 2006 Memorandum Opinion and Order.

**II.    APPLICABLE LAW & ANALYSIS**

Plaintiff, a state inmate confined at Cotton Correctional Facility in Jackson, Michigan, filed a civil rights complaint under 42 U.S.C. §1983 in October 2006, after Defendant refused to pay for the cost of a cornea transplant in Plaintiff's right eye. Under 42 U.S.C. §1983(e)(a), as amended by the Prison Litigation Act of 1996 ("PRLA"), "no action shall be brought with respect to prison conditions under section 1983 by a prisoner confined in any jail, prison or other correctional facility *until such administrative remedies as are available are exhausted.*" (emphasis added).

1

This Court concluded that Plaintiff's Complaint did not reflect the requisite proof of exhaustion of remedies under the statute, relying on *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). *Knuckles El* held that a prisoner must plead his or her claims with specificity and show that they have been exhausted by attaching a copy of the applicable dispositions to the complaint, or in the absence of any document, describe with specificity the administrative proceeding and its outcome. *Id*. This Court noted that Plaintiff filed to "plead exhaustion" under Sixth Circuit precedent, because he had alleged exhaustion of remedies in a conclusory fashion, without sufficient documentary support.

Plaintiff now urges this Court to reconsider its dismissal of his Complaint, based on the January 22, 2007 decision of the United States Supreme Court in *Jones v. Bock*. 127 S.Ct. 910 (2007). In *Jones*, the Court held that PRLA does not require prison inmates to specifically plead or demonstrate the requisite exhaustion in their complaints, rather, exhaustion is an affirmative defense. *Id.* at 911. (*abrogating Knuckles El v. Toombs*, 215 F.3d 640 (6th Cir. 2000).

In analyzing motions for reconsideration, the Court is guided by a standard of review set forth in the Local Rules of the United States District Court for the Eastern District of Michigan, which provides:

> Generally, and without restricting the court's discretion, *the court will not grant motions for rehearing or reconsidering that merely present the same issues ruled upon by the court,* either expressly or by reasonable interpretation. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(g)(3) (emphasis added). This Court has discretion to grant or deny Plaintiff's Motion for Reconsideration. *Sommer v. Davis*, 317 F.3d 686, 691 (6th Cir. 2003).

Additionally, under Fed.R.Civ.P. 60 a court has discretion to prove relief from a

2

judgment or order upon a showing of cause within a reasonable time. Federal Rule of Civil Procedure 60(b) "Rule 60(b))" provides that "the court may relieve a party or party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b).

A change in the law preceding a judgment is not sufficient grounds for a court to grant relief under Rule 60(b)(6). Indeed, the Sixth Circuit has held "[i]t is well established that a change in decisional law is usually not, by itself, an 'extraordinary circumstance' meriting Rule 60(b)(6) relief...[i]nstead, the courts have relied on an applicable change in decisional law, coupled with some other special circumstance, in order to grant Rule 60(b)(6) relief." *Blue Diamond Coal Co. v. Trs. Of the UMWA Combined Benefit Fund,* 249 F.3d 519, 524 (6th Cir. 2001). *See, e.g., Agnostini v. Felton*, 521 U.S. 203, 239 (1997) ("Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)"), *Berryhill v. United States*, 199 F.2d 217, 219 (6th Cir. 1952).

Plaintiff argues reconsideration of the Court's December 15, 2006 Opinion and Order dismissing the Complaint with prejudice is proper based on the assertion that the U.S. Supreme

Court's recent opinion in *Jones v. Bock*. *Jones* abolished the Sixth Circuit practice requiring plaintiffs to plead exhaustion in their complaints, rather than as affirmative defenses. Under well-settled Sixth Circuit precedent, this change in law alone, unaccompanied by extraordinary circumstances, is insufficient to warrant this Court's granting his Motion for Reconsideration. *Blue Diamond Coal Co.*, 249 F.3d at 524. *Cf., Ritter v. Smith*, 811 F.2d 1398 (1987) (in addition to supervening case law, the court considered a "previous, erroneous judgment of [the] court that had not been executed"), *Pierce v. Cook & Co.*, 518 F.2d 720 (10th Cir. 1976) (relief was appropriate where the intervening case law came in a case arising out of the exact same accident which injured the *Pierce* plaintiffs).

Plaintiff has failed to set forth circumstances that would warrant reconsideration of this court's December 15, 2006 Dismissal with Prejudice.[1]

Accordingly,

IT IS ORDERED that Plaintiff's Motion For Reconsideration of the Court's Decision to Dismiss the Complaint With Prejudice **[Docket No. 5, filed December 15, 2006]** is DENIED.

                                                S/Denise Page Hood
                                                Denise Page Hood
                                                United States District Judge

Dated: January 16, 2008

      I hereby certify that a copy of the foregoing document was served upon counsel of record and Johnnie Jackson, Reg. No. 341137, 323 Holford St., River Rouge, Michigan 48218 on January 16, 2008, by electronic and/or ordinary mail.

                                                S/William F. Lewis
                                                Case Manager

---

[1] While this Court is denying the Motion for Reconsideration, the Plaintiff may wish to simply re-file the claim, as it was dismissed without prejudice.